IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY CHESLAK,                    :
                                    :
           Petitioner,      :   CIVIL NO. 3:CV-05-2136
                                    :
    v.                     :   (Judge Caputo)
                                    :
JOSEPH J. PIAZZA, *et al.*,    :
                                    :
          Respondent.    :

## <u>MEMORANDUM</u>

## INTRODUCTION

Petitioner Gary Cheslak, an inmate currently confined at the Coal Township State Correctional Institution ("SCI-Coal Township") in Coal Township, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254.[1]  (Doc. 1.)  Petitioner alleges that ineffective assistance by his trial counsel led him to involuntarily and unknowingly enter into a guilty plea.  The parties have briefed the issues, and the matter is ripe for disposition.  For the reasons that follow, the Petition will be denied.

## BACKGROUND

On December 17, 1997, Petitioner pled guilty to two counts of rape, involuntary deviate sexual intercourse, aggravated indecent assault, two counts of kidnapping, unlawful restraint, two counts of terroristic threats, recklessly

---

[1]At the time he filed his petition, and at the time of filing his Reply Brief (Doc. 17), Petitioner was represented by Robert M. Buttner, Esquire.  By Order dated April 24, 2007 (Doc. 20), Mr. Buttner's Motion for leave to withdraw his appearance was granted.

endangering another person, and intimidation of a witness.  The relevant facts

were summarized by the Pennsylvania Superior Court as follows:

> In two separate incidents, on January 17th and November 7th of
> 1996, appellant abducted women by gaining entrance to their
> parked vehicles after dark and lying in wait in the backseats until
> the women returned.  In both instances, appellant had manipulated
> the vehicle's interior dome lighting so the vehicles remained dark;
> threatened and then kidnapped his unsuspecting victims; bound
> their hands and placed tape over their eyes, took them to his
> parents' secluded cabin, forced them to drink whiskey, removed
> their clothing and raped and sexually assaulted them.
>
> The victim of the November 7th abduction and rape, A.H., was able
> to lead police back to the cabin.  Upon receiving the consent of
> appellant's parents to search, police entered the cabin and
> discovered a myriad of physical evidence, including A.H.'s
> undergarments and fibers on duct tape from A.H.'s sweater.
> Additionally, the semen recovered from the rape kits in **both** cases
> and the appellant's blood were subject to DNA testing.  The results
> establish a one in two billion chance appellant was not the rapist.

(Doc. 2-3**,** *Commonwealth v. Cheslak*, No. 2805 Philadelphia 1998, unpublished

memorandum at 2 (Pa. Super. filed July 1, 1999) (footnotes omitted, emphasis

original)).[2]  On May 29, 1998, Petitioner was sentenced by the Court of Common

Pleas of Carbon County to twenty-five years to life imprisonment.  On June 10,

1998, he filed post-sentencing motions, including a Motion to reconsider

sentence, which were dismissed.

On September 4, 1998, Petitioner's trial counsel, George Dydansky,

Esquire, withdrew his appearance.  Robert A. Kurtz, Esquire, entered his

---

[2]The citations throughout this Memorandum to documents filed to the Case
Management/Electronic Case Files system refer to the page numbers as they appear on
the system rather than to the page numbers as they appear on the printed pages of the
documents.

appearance on behalf of Petitioner, and on September 10, 1998, he filed a timely

appeal to the Pennsylvania Superior Court.  Petitioner raised six (6) issues on

direct appeal.  Three issues pertained to sentencing errors.  Petitioner also

challenged the trial court's denial of his motion to suppress physical evidence

and the adequacy of the guilty plea colloquy in that he was not informed therein

of his right to a jury trial.  Petitioner's final issue was set forth as follows by the

Superior Court in its Memorandum Opinion:

> VI.    Was [appellant] denied the effective representation of
>        counsel guaranteed to him by the US Constitution, Sixth
>        Amendment, when his previous counsel (1) failed to file a
>        motion to dismiss, due to the excessive and prejudiced delay
>        between the alleged crimes pertaining to [C.R.] and
>        [appellant's] arrest for committing these alleged crimes,
>        and/or (2) after the court denied [appellant's] motion to
>        suppress physical evidence rather than stand trial, and/or (3)
>        failed to file a motion to withdraw [appellant's] guilty plea
>        when defendant received the sentence he is now serving?

(Doc. 2-3 at 4.)  On July 1, 1999, the Superior Court issued its Opinion in which it

vacated the Judgment of sentence, remanded for resentencing, and affirmed the

trial court on all other issues.  (*See* Doc. 2-3.)  The Superior Court found as

follows with respect to Petitioner's ineffective assistance of counsel claims:

> Upon careful and independent review of appellant's three claims of
> ineffectiveness, we find all have been waived pursuant to his guilty
> plea.  ***Moyer, supra.***[3]  Moreover, a thorough review of the record
> makes evident the fact these allegations are without merit.

(*Id*. at 10.)

On October 25, 1999, the Court of Common Pleas of Carbon County

---

[3]*Commonwealth v. Moyer*, 497 Pa. 643, 646, 444 A.2d 101, 102 (1982).

issued new Orders of Sentence, consistent with the Superior Court's direction on remand, sentencing Petitioner to an aggregate sentence of twenty-five to fifty-two years imprisonment.

On February 11, 2000, Mr. Kurtz was permitted to withdraw his appearance by the lower court.  On February 22, 2000, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. §§ 9541 *et seq.*  On January 16, 2001, Robert Buttner, Esquire, was appointed as counsel to assist Petitioner in the PCRA proceedings.  On April 19, 2002, Mr. Buttner filed an amended PCRA Petition on Petitioner's behalf (Doc. 13, Ex. C).

In his amended PCRA Petition, Petitioner raised ineffective assistance of trial counsel for: (1) failing to inform Petitioner of the elements or nature of all the charges to which he was pleading guilty (Doc. 13, Ex. C at 10-12); (2) failing to inform Petitioner that the sentence on each charge could run consecutively (*Id.* at 12-14); (3) failing to advise Petitioner that he was pleading to all charges under each Information (*Id.* at 14-16); (4) informing Petitioner that he would receive leniency in sentencing in exchange for his guilty plea (*Id.* at 18-19); and (5) advising Petitioner that it was not in his best interests to seek withdrawal of his guilty plea following sentencing while maintaining that the trial court had made a "promise" to be lenient (*Id.* at 19-20).  Petitioner also  alleged ineffective assistance of appellate counsel for failing to adequately and properly preserve ineffective assistance of trial counsel issues on appeal.  (*Id.* at 20-24).  Finally,

4

Petitioner alleged that the trial court abused its power by engaging in negotiation of a plea and in unlawfully inducing him to enter into a guilty plea by representing that Petitioner would receive leniency in sentencing in exchange for his plea.  (*Id*. at 16-18.)  Petitioner asserted that he should be permitted to withdraw his guilty plea on all of these bases.

A full evidentiary hearing on the PCRA Petition was held before the Honorable Barry S. Feudale on April 25 and August 27, 2002.  On March 13, 2003, Judge Feudale entered an Opinion and Order denying and dismissing the PCRA Petition finding "no arguable merit to any of [Petitioner's] contentions nor any manifest injustice that would justify allowing him to withdraw his pleas of guilty."  (Doc. 2-5 at 20, PCRA Court Opinion).

On April 17, 2003, Petitioner filed a timely appeal to the Pennsylvania Superior Court in which he raised the following issues:

1.      Did the Trial Court engage[ ] in or abuse its power by participating in a conference with Trial Counsel and representing to Trial Counsel that the Defendant would be giv[en] consideration in exchange for a plea of guilty thereby inducing the Defendant to involuntarily plead guilty [?]

2.      Should the Defendant be allowed to withdraw his plea of guilty in that same was involuntarily and unknowingly entered because Trial Counsel rendered ineffective assistance of Counsel by informing the Defendant that he had engaged in a conference with the Trial Court and that the Trial Court had advised that if the Defendant pled guilty he would receive consideration synonymous with leniency without placing same on the record or informing the Defendant that he may not receive leniency, and, thereafter, counseling the Defendant not to seek withdrawal of his guilty plea based upon said representation [?]

3.      Should the Defendant be allowed to withdraw his plea of

guilt in that same was involuntarily and unknowingly entered
because both Trial Counsel and the Trial Court failed to
inform the Defendant of the sentence to which he was
exposed on each charge and that each sentence could be
run consecutive to the other and, then, failed to object to the
oral colloquy which contained the same flaws and
deficiencies [?]

4.      Should the Defendant be allowed to withdraw his plea of
        guilt in that same was involuntarily and unknowingly entered
        because Trial Counsel failed to inform the Defendant of the
        elements and nature of the crimes charged and, then, failed
        to object to the oral colloquy which did not apprize the
        Defendant of the elements and nature of the crimes charged
        [?]

5.      Should the Defendant be allowed to withdraw his plea of
        guilt in that same was involuntarily and unknowingly entered
        because Trial Counsel failed to inform the Defendant that he
        was entering an open plea to all charges contained in the
        Informations and, then, failed to object to the oral colloquy
        which also failed to apprize the Defendant that he was
        entering an open plea to all the charges contained in the
        Informations [?]

(Doc. 13, Exhibit B, Petitioner's Brief to the Pennsylvania Superior Court, 10.)

On March 15, 2004, the Superior Court issued a Memorandum in which it

affirmed the judgment of the PCRA Court (Doc. 2-2).  The Pennsylvania Superior

Court concluded that Petitioner's second, fourth, and fifth issues, as well as part

of his third issue, constituted attempts to re-litigate claims that the Court had

dismissed in his direct appeal.  The Superior Court stated as follows:

On direct review, we dismissed all of appellant's ineffective
assistance of counsel claims after finding that they had no merit
and that he had waived them pursuant to his guilty plea.  We also
found no defect in appellant's guilty plea colloquy.  Accordingly,
appellant cannot re-litigate these claims simply because he sets
forth alternative arguments for his trial counsel's ineffectiveness.
Moreover, even if we were to review appellant's claims, the record
clearly indicates that they are without merit.

6

(Doc. 2-2 at 4.)  The Superior Court found appellant's remaining issues to be without merit and affirmed the PCRA Court.   Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was denied by Order dated December 29, 2004 (Doc. 2-4).

On October 19, 2005, Petitioner filed the instant petition for habeas corpus in which he alleges that ineffective assistance of trial counsel led him to involuntarily and unknowingly enter into a guilty plea.  He asserts that trial counsel was ineffective in the following three ways:

(1) by informing Petitioner that he would receive "leniency" by the trial court in sentencing in exchange for pleading guilty;

(2) by failing to inform Petitioner of the sentence on each charge and that each sentence could run consecutively; and

(3) by failing to inform Petitioner that he was entering an open plea to all charges.

A response (Doc. 13) was filed on December 13, 2005, and on February 3, 2006, Petitioner filed his reply brief (Doc. 17).

## DISCUSSION

### I.    Timeliness

A habeas claim filed in federal court by a state prisoner must be timely, and the prisoner must exhaust every avenue of state review.  A state prisoner must file the habeas petition within one year from the date of the state court's final judgment.  28 U.S.C. § 2244(d)(1)(A).  Respondents agree that the instant Petition was timely filed.  The one-year period in which Petitioner could seek

federal habeas relief began upon the expiration of his time to file a Petition for Writ of Certiorari with the United States Supreme Court following the Pennsylvania Supreme Court's denial of review.  The Pennsylvania Supreme Court denied review on December 29, 2004, and thus the one-year period began to run ninety days later on March 29, 2005, and expired on March 29, 2006. Therefore, the instant Petition, filed on October 19, 2005 was timely.

## II.    Exhaustion and Procedural Default

A state prisoner cannot obtain habeas relief in federal court unless he has exhausted the remedies available in state court, there is an absence of available state corrective process, or circumstances exist that render such  process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1).  To satisfy these statutory requirements, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."  *O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004).  It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding.  *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).

A petitioner bears the burden of demonstrating that he has "fairly presented" his claims to the state's highest court, either on direct appeal or in a state post-conviction proceeding.[4]  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d

---

[4]Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of

Cir. 1997); *see also McMahon v. Fulcomer*, 821 F.2d 934, 940 (3d Cir. 1987).  A

petitioner fairly presents his claim when he presents the same factual and legal

basis for the claim to the state courts.  *Nara v. Frank*, 488 F.3d 187, 197-98 (3d

Cir. 2007); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995).  In addition, the

state court must be put on notice that a federal claim is being asserted.  *Keller v.

Larkins*, 251 F.3d 408, 413 (3d Cir. 2001).

The exhaustion requirement is not a mere formality.  It serves the

interests of comity between the federal and state systems, by allowing the state

an initial opportunity to determine and correct any violations of a prisoner's

federal rights.  *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004).  Even if the

state courts refuse to consider the claim on procedural grounds, the claim is

exhausted if the state courts had the opportunity to address it.  *Nara*, 488 F. 3d

at 198 (citing *Bond v. Fulcomer*, 864 F.2d 306, 309 (3d Cir. 1989) (effectively

overruled on other grounds by *Harris v. Reed*, 489 U.S. 255 (1989)).

A petitioner "shall not be deemed to have exhausted the remedies

available . . . if he has the right under the law of the [s]tate to raise, by any

available procedure, the question presented."  28 U.S.C. § 2254(c).  "[I]f [a]

petitioner failed to exhaust state remedies and the court to which the petitioner

would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred . . . there is

---

federal habeas corpus relief under Section 2254.  *See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* No. 218, Judicial Administration Docket No. 1 (May 5, 2000) (per curiam).

procedural default for the purpose of federal habeas . . . ."  *Coleman v.*

*Thompson*, 501 U.S. 722, 735 n.1 (1991); *McCandless v. Vaughn*, 172 F.3d 255,

260 (3d Cir. 1999).

The purpose of the procedural default rule is to prevent habeas petitioners

from avoiding the exhaustion doctrine by defaulting their federal claims in state

court.  *Coleman*, 501 U.S. at 731.   The procedural default doctrine prohibits

federal courts from reviewing a petitioner's claim defaulted in state courts on an

independent and adequate state law ground, *i.e.* a rule of state law that is

"independent of the federal question and adequate to support the judgment."  *Id.*

at 729.  A federal court can reach the merits of procedurally defaulted claims

only if the petitioner demonstrates either "cause and prejudice" in connection

with the procedural default, or that a fundamental miscarriage of justice would

result if his claim was not reviewed.  *See Edwards v. Carpenter*, 529 U.S. 446,

451 (2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *Lines v. Larkins*,

208 F.3d 153, 166 (3d Cir. 2000).

Here, even though in his PCRA Petition, Petitioner set forth alternative

arguments in support of his claim that his trial counsel was ineffective that he did

not raise in his direct appeal, the Superior Court deemed the ineffective

assistance of counsel claims to have been "previously litigated."  (Doc. 2-2 at 4

(citing 42 Pa. Cons. Stat. Ann. § 9543(a)(3); *Commonwealth v. Murray*, 836

A.2d 956, 960 (Pa. Super. 2003.))  "[P]ost-conviction review of claims previously

litigated on appeal cannot be obtained by alleging ineffective assistance of prior

counsel and by presenting new theories of relief to support previously litigated claims." *Commonwealth v. Peterkin*, 538 Pa. 455, 649 A.2d 121, 123 (1994). *See also Commonwealth v. Bracey*, 568 Pa. 264, 795 A.2d 935, 939 n.2 (2001) (same); *Commonwealth v. Bond*, 572 Pa. 588, 819 A.2d 33, 39 (Pa.Super. 2002) (same).  Petitioner's ineffective assistance of counsel claim in his PCRA Petition was a mere "recasting" of the claim he made on direct appeal.  *See Faulcon v. Palakovich*, No. 04-1738, 2005 WL 1958071 *4 (E.D. Pa. 2005) (concluding PCRA court properly determined issue of ineffective assistance of counsel for failing to object to prosecutor's closing argument had been previously litigated where petitioner already had objected to prosecutor's closing statement on direct appeal).

Nevertheless, other courts in the Third Circuit have adopted the rationale that the PCRA's "previously litigated" rule is not a state "procedural requirement within the meaning of *Coleman"* such that a habeas petitioner's claims would be deemed procedurally defaulted and would not be reviewed on the merits.  *Alford v. Johnson*, No. 00-683, 2006 U.S. Dist. Lexis 8073, at *14 (E.D. Pa. Mar. 1, 2006) (Brody, J.).  *See also Moore v. Beard*, No. 05-0828, 2007 WL 4370900, at *2 n.1 (M.D.Pa. Dec. 11, 2007) (Conner, J.); *Boyd v. Nish*, No. 06-0491, 2007 WL 403884, at *3 (E.D.Pa. Jan. 31, 2007) (Tucker, J.); *Williams v. Brooks*, 435 F. Supp.2d 410, 420-21 (E.D.Pa. 2006) (Brody, J.).  In *Williams*, the rationale for finding that the "previously litigated" rule is not a state procedural requirement that would bar habeas review is set forth as follows:

> A finding that a PCRA claim is "previously litigated" carries no implication of procedural error on the petitioner's part. It solely indicates that the petitioner had previously raised the claim, and lost. Therefore, unlike genuine procedural requirements, such as statutes of limitations or rules governing waiver, the "previously litigated" rule is not one that a petitioner can somehow obey in order to obtain PCRA review of his claim.

*Williams*, 435 F. Supp.2d at 421 (citations omitted).

Accordingly, a "previously litigated" finding by a PCRA court is essentially an affirmance of the underlying state court ruling, and will be treated as such on federal habeas review.  *See Alford*, 2006 U.S. Dist. Lexis 8073, at *16.  This treatment is consistent with the purpose of the procedural default doctrine to assure that the highest court of a state has the opportunity to address the federal claim in the first instance.  *See id.* (citing *Sistrunk v. Vaughn,* 96 F.3d 666, 675 n.11 (3d Cir. 1996).  Where the "previously litigated" rule has barred PCRA review, the state court had the opportunity to address the federal claim, but decided not to do so, and thus there is no concern about intruding upon the state courts.  *See id.  See also Williams*, 435 F. Supp.2d at 421.  Therefore, in the instant case, Petitioner's claims will be addressed on the merits, and the Superior Court's decision not to review his ineffective assistance of counsel claims in the PCRA proceedings will be treated as an affirmance of its prior decision on direct appeal.

## III.    Merits Analysis

### A.    Legal Standard for Habeas Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised the

12

standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996) (citing AEDPA). Section 2254(a) provides that the district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Exhausted claims that have been adjudicated on the merits by the state courts are subject to review under the standard of whether they are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"  28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(2).  A state court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see Matteo v. Superintendent, SCI-Albion*, 171 F.3d 877, 891 (3d Cir. 1999) (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998) (for a decision to be "contrary to" federal law, "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court")).

A state court decision represents an "unreasonable application of" Supreme Court precedent if it "correctly identifies the governing legal rule but

applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08.  Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

Pursuant to 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct.  A habeas petitioner must rebut this presumption by clear and convincing evidence.  *See* 28 U.S.C. §2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003).  This presumption of correctness applies to both explicit and implicit findings of fact.  *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir. 2000).

### B.      Legal Standard for Ineffective Assistance of Counsel Claims

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test which must be satisfied for petitioner to prevail on an ineffective assistance of counsel claim.  The first prong requires petitioner to demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness." *Id.* at 688.  Therefore, a convicted defendant asserting ineffective assistance of counsel must identify the acts or omissions that are alleged not to have been the result of reasoned professional judgment.  *Id.* at 690.  The reviewing court must then determine whether, in light of all circumstances, the identified acts or omissions were outside "the wide range of professionally competent assistance." *Id.*

14

Under the second prong of *Strickland,* the defendant must establish that counsel's deficient performance prejudiced the defense.  *Id.* at 687.  To establish this, the defendant must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair trial or a trial whose result is reliable.  *Id.*  More specifically, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

The review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of federal habeas."  *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).  A petitioner must show that the state court's decision was objectively unreasonable.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  It is not enough to convince a federal habeas court that, in its independent judgment, the state court erred in applying *Strickland*.  *Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

C.    **Analysis**

1.    **Issue 1- Ineffective Assistance of Counsel in Advising Petitioner He Would Receive Leniency in Exchange for Guilty Plea**

Petitioner did not raise this issue as an independent claim in his direct appeal.  Rather, he raised it as an argument in support of his claim that trial counsel was ineffective for failing to file a motion to withdraw his guilty plea.  He argued that he could show that the guilty plea was induced by counsel's "improper promises of leniency" in assuring Petitioner that he would receive a

15

minimum sentence of no more than ten years if he pled guilty on all charges. (Doc. 17-3 at 29.)  On direct appeal, the Superior Court found that Petitioner's ineffective assistance of counsel claims had been waived pursuant to his guilty plea, but also found that a thorough review of the record makes evident that the claims were without merit.  (Doc. 2-3 at 10.)

Petitioner first raised this issue in its current form in his PCRA Petition, and the PCRA Court found "no arguable merit to any of his contentions."  (Doc. 2-5 at 20.)  The Superior Court declined to review Petitioner's ineffective assistance of counsel claims in the PCRA proceedings finding that he could not "re-litigate these claims simply because he sets forth alternative arguments for his trial counsel's ineffectiveness," and thus deemed the claims "previously litigated."  (Doc. 2-2 at 4.)  As already discussed, this Court will treat the Superior Court's decision in the PCRA appeal as an affirmance of its prior decision on direct appeal.

Upon review, this Court finds that the Superior Court's decision on this issue is neither contrary to, nor an unreasonable application of, *Strickland*. Petitioner's statements during the guilty plea colloquy contradict his assertion that his trial counsel assured him that he would receive leniency in exchange for his guilty plea, and thus there was no basis to find that trial counsel acted unreasonably under the first prong of the *Strickland* inquiry.  *See Strickland*, 466 U.S. at 688.  During the guilty plea colloquy in open court on December 17, 1997, Petitioner agreed that he understood that he had made no deals in connection with his guilty plea:

16

THE COURT: Now, knowing all these things, do you still wish to enter a guilty plea?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And so, what you're saying to me here today is, Judge, I know what the Commonwealth is charging me with, I admit that I did what the Commonwealth says I did on all of these offenses, I know the consequences of the plea in terms of sentencing, **I have no agreement with the Commonwealth with respect to sentencing or with respect to this plea whatsoever,** and that I'm entering the plea of my own free will; is that correct?

THE DEFENDANT: Yes, Your Honor.

(Doc. 13, Ex. E, 18-19) (emphasis added.)  Further, in his Guilty Plea Colloquy Form, Petitioner acknowledged that the Court was not a party to any agreement made by the parties and that any recommendation or stipulation made as to his sentence is not binding on the Court.  (Doc. 13, Ex. G, Question 22.)  Because the record showed that, at the time he entered his guilty plea, Petitioner understood that there was no agreement with the Commonwealth or the Court with respect to his sentence, there was no basis to find that trial counsel acted unreasonably.  Thus, any further inquiry under *Strickland* would be unnecessary, and the Superior Court's determination that the claim had no merit is not contrary to or an unreasonable application of the law.

### 2.    Issue 2- Ineffective Assistance of Counsel for Failure to Adequately Advise Petitioner Regarding Sentencing

Petitioner did not raise this argument in support of his ineffective assistance of counsel claim in his direct appeal.  On direct appeal, the Superior Court found that Petitioner's ineffective assistance of counsel claims had been waived pursuant to his guilty plea, but also found that a thorough review of the

17

record makes evident that the claims were without merit.  (Doc. 2-3 at 10.)

Petitioner raised this argument for the first time in his PCRA Petition and

subsequent appeal.  The PCRA Court found "no arguable merit to any of his

contentions."  (Doc. 2-5 at 20.)  In his appeal from the denial of PCRA relief, the

Superior Court declined to review any of Petitioner's ineffective assistance of

counsel claims on the basis that he merely was making alternative arguments in

support of claims that had been previously litigated.  Indeed, it appears that

Petitioner merely offered "new theories of relief to support previously litigated

claims."  *Peterkin*, 649 A.2d at 123.  This Court will treat the Superior Court's

decision not to review Petitioner's ineffective assistance of counsel claims in the

PCRA proceedings as an affirmance of its prior decision on direct appeal.

Upon review, this Court finds that the Superior Court's decision on this

issue is neither contrary to, nor an unreasonable application of, *Strickland*.  Any

argument that Petitioner attempts to make that his trial counsel acted

unreasonably with respect to this issue is contradicted by the record.  As to his

claim that his counsel failed to advise him with regard to the sentence on each

charge, Petitioner acknowledged that he was aware of the range of sentences

both in his Guilty Plea Colloquy Form and on the record during the guilty plea

colloquy.  (*See* Doc. 13, Ex. G, Question 20; Ex. E, 16.)  Petitioner's claim that

his trial counsel failed to advise him that the sentences could run consecutively is

contradicted by his agreement on the record during the guilty plea colloquy that

he understood that he faced a maximum sentence of 86 years of imprisonment

on the charges filed to Information 562 and a maximum sentence of 130 years of

imprisonment on the charges filed to Information 309.  (*See* Doc. 13, Ex. E, 15-16.)  The failure to advise a defendant that separate sentences could be imposed consecutively does not render the guilty plea involuntary where a defendant's aggregate sentence is less than the maximum sentence that he was advised he could receive.  *Commonwealth v. Carter*, 540 Pa. 135, 656 A.2d 463 (1995).  Consequently, even if Petitioner did not know that the sentences could run consecutively, the record reflects that he was aware that he could receive a maximum sentence of 130 years of imprisonment solely on the charges filed to Information 309.  Because the record demonstrated that, at the time he entered his guilty plea, Petitioner was aware of the range of sentences on each charge and the maximum sentence he could receive, there was no basis to find that trial counsel acted unreasonably.  Thus, the Superior Court's determination that this claim has no merit is neither contrary to nor an unreasonable application of the law.

      **3.**      **Issue 3- Ineffective Assistance of Counsel for Failing to Advise Petitioner as to Open Plea on All Charges**

Petitioner did not raise this argument within his ineffective assistance of counsel claim in his direct appeal, but raised it in his PCRA Petition and subsequent appeal.  Even so, as with his second issue, the Superior Court considered this issue to be an alternative argument in support of the ineffective assistance of counsel claims that were previously litigated on direct appeal, and thus declined to review it.  This Court will treat the Superior Court's decision not to review Petitioner's ineffective assistance of counsel claims in the PCRA

proceedings as an affirmance of its prior decision on direct appeal.

Upon review, this Court finds that the Superior Court's decision on this issue is neither contrary to, nor an unreasonable application of, *Strickland*.  Any argument that Petitioner attempts to make that his trial counsel acted unreasonably with respect to this issue is contradicted by the record.  On December 17, 1997, the day of the guilty plea colloquy, Petitioner signed a Guilty Plea Stipulation, which listed each of the fourteen criminal charges filed to Information 562 and indicated that Petitioner was entering a plea of guilty to all counts.  (*See* Doc. 13, Ex. J.)  Petitioner also signed a Guilty Plea Stipulation indicating that he was entering a guilty plea to each of the eleven criminal charges filed to Information 309.  (*See id.*, Ex. K.)   Petitioner admitted at the PCRA hearing on August 27, 2002 that he had signed both forms.  (*See id.,* Ex. F, 2-5.)  The record afforded an ample basis for the Superior Court's finding on Petitioner's direct appeal that his ineffective assistance of counsel claims were without merit.  Thus, their decision was not an unreasonable application of *Strickland,* and this claim must fail.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus (Doc. 1) will be denied.  An appropriate Order follows.

January 31, 2008                          s/ A. Richard Caputo
                                         A. RICHARD CAPUTO
                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY CHESLAK,                          :
                                       :
                    Petitioner,        :     CIVIL NO. 3:CV-05-2136
                                       :
        v.                             :      (Judge Caputo)
                                       :
JOSEPH J. PIAZZA, *et al.*,            :
                                       :
                    Respondent.        :

## **ORDER**

**AND NOW, this 31st day of January, 2008,** for the reasons set forth in

the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2.    The Clerk of Court is directed to mark this case **CLOSED**.

3.    Based upon the Court's conclusion herein, there is no basis for the

      issuance of a certificate of appealability.


                         s/ A. Richard Caputo
                         A. RICHARD CAPUTO
                         United States District Judge